IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STERLING THOMPSON,

      Plaintiff,

vs.                                                  Case No. 09-1252-JTM

MICHAEL ASTRUE, Commissioner of
Social Security, and DAVID GRAY,

      Defendants.

MEMORANDUM AND ORDER

Thompson's first Complaint is essentially unclear, comprised of a series of legal-sounding phrases coupled with a variety of incidents from his attempt across two decades to obtain Social Security disability benefits. He subsequently filed an Amended Complaint which is slightly more clear. Although Thompson includes various claims of constitutional deprivation, coupled now with claims of legal malpractice against his former counsel for actions allegedly occurring during the 1990s, the ultimate aim of the litigation is the revival of his claims for Social Security, which have been previously dismissed by the Court (Case No. 07-1034-JTM). Thompson seeks a "direct verdict nullifying said judgment." (Dkt. 5, at ¶ 17). Further, he asks for a "an order for Disability and Disability benefits with back pay." (Id. at ¶ 18).

Thompson raised similar claims in two actions brought February 2, 2007 (Case Nos 07-1034-JTM and 07-1036-JTM). Case No. 07-1036 was dismissed by the court for lack of prosecution on

June 28, 2007. The Court entered judgment against Thompson in Case No. 07-1034, denying his appeal relating to his claim for disability benefits on July 22, 2008. Since that time, Thompson has repeatedly attempted to obtain reconsideration of that decision. Ultimately, the Court in that case denied Thompson's latest motion and entered filing restrictions.

Thompson is not entitled to appointment of counsel in this action. From the history of Thompson's litigation, it appears he is capable of providing facts in support of his claim. The court determines in its discretion that counsel is not required in this case. The Court finds that Thompson's allegation of poverty is true, and that he is financially unable to pay any portion of the filing fee. *See Lee v. McDonald's Corp.*, 231 F.3d 456, 458-59 (8th Cir.2000). However, the Court is required to screen an *in forma pauperis* complaint and may dismiss the complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1).

The present action is hereby dismissed as an attempt to circumvent the *res judicata* effect of the Court's judgment in Case No. 07-1034-JTM. All of the arguments advanced by Thompson in the present action either were or could have been presented in a timely fashion to the Court in that case. A claim is frivolous if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Thompson's attempt to circumvent the denial of benefits in a separate action is frivolous.

The court will not impose contempt sanctions, as the present action was filed prior to the filing limitations imposed in Case No. 07-1034-JTM, but the Court hereby reminds and reiterates to plaintiff that those limitations are now in effect, and further attempts to circumvent the orders of the court may incur sanctions including monetary penalties.

**Thompson is hereby prohibited from raising or asserting arguments relating to any of his previously-asserted claims for Social Security disability benefits, or otherwise raising arguments which are the same or similar to those which have been presented in this case.** *See Van Sickle v. Holloway*, **791 F.2d 1431, 1437 (10th Cir.1986) (prohibiting complaints which similar allegations);** *Castro v. United States,* **775 F.2d 399, 402 (1st Cir. 1985) (prohibiting any further pleadings or further litigation as to subject matter resolved in the case). Thompson is enjoined from filing any action naming as defendant the Commissioner of Social Security without prior leave of court.  In asking leave of court, Thompson must certify that the claims he wishes to present are new claims never raised before and disposed of on the merits by any federal court. Upon a failure to certify or upon false certification, Thompson may be found in contempt of court and punished accordingly.** *In re Green*, **669 F.2d 779, 787 (D.C. Cir. 1981).**

IT IS ACCORDINGLY ORDERED, this 24th day of September 2009 that plaintiff's Motion to Appoint Counsel (Dkt. 4) is denied; his Motion for Leave (Dkt. 3) is granted. The action is dismissed.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE

3